UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANFORD PAUL BUTLER,

                    Petitioner,

v.                                                    Case No.  8:03-cv-1445-T-24TBM

JAMES V. CROSBY, JR.,

                    Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Sanford Paul Butler (Butler's) 28 U.S.C.

§ 2254 petition for writ of habeas corpus.  Butler challenges his conviction and sentence

entered by the Circuit Court for the Fifth Judicial Circuit, Hernando County, Florida.

PROCEDURAL HISTORY[1]

On March 4, 1999, the State filed an Information charging Butler with committing one

count of burglary of a dwelling and one count of grand theft. (Exh. 21, Vol. 1: R 8-9).[2] On

June 19, 2000, Butler entered a nolo contendere plea to the charges as part of a negotiated

plea agreement. (Exh. 21, Vol. 1: R 118-120, 142-160; Exh.1).[3] Butler was represented by

Assistant  Public Defender Kirk Campbell. On that date, pursuant to the terms of the plea

agreement, the state trial court adjudicated Butler guilty and sentenced him to thirteen

years incarceration as to the burglary count and to five years incarceration as to the grand

---

[1] For additional factual detail, see attachment A for a Statement of the Case and Facts presented in Appellant's Initial Brief on Appeal.

[2] Respondent filed the record on appeal as Exhibit 21.

[3] Pages 142-160 of Exhibit 21 and Exhibit 1 contain copies of the transcript of the plea hearing.

theft count.  The five-year sentence ran concurrent to the thirteen year sentence. (Exh. 21, Vol. 1: R 123-132).

Previously, on April 30, 1999, after the Public Defender's Office had been appointed to represent him, Butler had filed a pro se motion for discharge on speedy trial grounds pursuant to rule 3.191(n) of the Florida Rules of Criminal Procedure. (Exh. 21, Vol. 1: R 20-25).  Although the record is not complete in this area, it appears the state trial court denied Butler's pro se motion for discharge because Butler was represented by counsel and the motion was unauthorized.  On May 7, 1999, during pretrial proceedings, Butler specifically waived his speedy trial rights, and the pretrial conference was continued at the request of defense counsel until June 4, 1999. Butler renewed the waiver of speedy trial at each pretrial appearance after May 7, 1999. (Exh. 21, Vol. 1: R 43, 44, 45).

Butler filed a petition for writ of prohibition in the state district court of appeal challenging the state trial court's ruling on his speedy trial motion. On January 19, 2000, in Case No. 5D99-3610, the state district court of appeal dismissed the petition for writ of prohibition, citing Salser v. State, 582 So. 2d 12 (Fla. 5th DCA 1991), rev. dismissed, 613 So. 2d 471 (Fla. 1993). (Exh. 21, Vol. 1: R  88).  On April 10, 2000, Butler's motion for rehearing was denied. (Exh. 21, Vol. 1: R 111).

Butler, through trial counsel, also filed a motion to suppress his confession and a motion to suppress evidence obtained through an allegedly illegal stop.  (Exh. 21, Vol. 1: R 74-77). The motions referred to statements Butler made to law enforcement officers during an interview in Pasco County, Florida, regarding offenses committed in Pasco and Hernando Counties. Butler filed a similar motion to suppress his confession in Pasco

-2-

County, and, on February 24, 2000,  the state trial court in Pasco County conducted a hearing on the motion to suppress. (Exh 21, Supp. Vol. III: R 190-346). At the close of the hearing, the state trial court in Pasco County denied the motion, finding:

> THE COURT: Yes, sir.
>
> Mr. Pinkard, I find no confusion whatsoever over what was contained in the BOLO. And I find that the BOLO was fresh, come [sic] from less than two hours old from Hernando County, it was supplemented by the officers in Pasco County. It was very specific as to the truck. There was some difference about the number of occupants, but I don't think that matters. The truck was identified very specifically and the stop was made on that basis. And the stop was made with adequate suspicion of a crime having been committed, and that truck and the occupants having been involved in the crime. So it was a good stop.
>
> And considering the credibility of the witnesses, I find that Mr. Butler was not promised anything or threatened in any manner, and that his statements during the ride-abouts and all other times were made freely and voluntarily. And I'm going to deny your motion to suppress the statements.

(Exh. 21, Supp. Vol. III: R 345-346).

In the Hernando County case, which is the judgment at issue in the present federal habeas corpus petition, the state trial court determined that the Pasco County judge's ruling was the law of the case and denied Butler's request for a de novo hearing on the motion to suppress in the Hernando state trial court. (Exh. 21, Supp. Vol. II: R 179-180).

Butler filed a direct appeal of his conviction and sentence. On or about December 13, 2000, Jane C. Almy-Loewinger, the Assistant Public Defender appointed to represent Butler on appeal, filed an initial <u>Anders</u>[4] brief.  (Exh. 2) and argued the following issue: Whether the state trial court erred by accepting Butler's plea. The State filed a notice of

---

[4] <u>Anders v. California</u>, 386 U.S. 738 (1967).

intent not to file a response to Almy-Loewinger's motion to withdraw and the <u>Anders</u> brief unless an arguable claim were found upon review of the record by the state district court of appeal. (Exh. 3). In accordance with the procedure in <u>Anders</u> cases, the state district court of appeal issued an order allowing Butler to file a supplemental pro se brief calling to the court's attention any issues he felt should be considered in relation to his appeal. (Exh. 4). Butler filed a pro se supplemental brief raising five issues:  (1) speedy trial time; (2) validity of the BOLO; (3) illegally obtained statements; (4) impermissibly suggestive identification; (5) denial of a de novo suppression hearing by the Hernando state trial court "in the county crime was alleged to have accrued in." (Exh. 5). The State filed notice of its intent not to file an answer brief in response to the pro se supplemental brief. (Exh. 6).

On April 10, 2001, in Case No. 5D00-1955, the state district court of appeal per curiam affirmed Butler's conviction and sentence. (Exh. 7). <u>Butler v. State</u>, 784 So. 2d 1120 (Fla. 5th DCA 2001)[table]. Butler did not seek discretionary review of the appeal with the Florida Supreme Court.

On or about September 8, 2001, Butler filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (Exh. 9). Butler alleged that appellate counsel was ineffective for failing to investigate the record and argue the issues that had been preserved when Butler entered his plea.  On November 9, 2001, the state district court of appeal denied the petition in Case No. 5D01-2802. (Exh. 10).

On or about December 5, 2001, Butler filed a second state petition for writ of habeas corpus, in Case No. 5D01-3694. (Exh. 11). The state district court of appeal denied the petition on January 23, 2002. (Exh.12).

On January 17, 2002, Butler filed a Rule 3.850 motion for post-conviction relief, raising six grounds of ineffective assistance of trial counsel.  (Exh. 13).The State filed a response on April 4, 2002. (Exh. 14).  On April 8, 2002, the state trial court summarily denied the Rule 3.850 motion. (Exh. 15). Butler appealed the adverse ruling. He submitted a pro se initial brief (Exh.16) raising two issues. On September 10, 2002, in Case No. 5D02-2642, the state district court of appeal per curiam affirmed the state trial court's denial of relief.  (Exh. 17).  Butler filed a motion for rehearing (Exh. 18) that was denied by the state district court of appeal on October 11, 2002. (Exh. 19). The mandate issued on October 30, 2002. (Exh. 20).

Butler signed the present timely-filed federal petition on July 1, 2003, raising two grounds for relief. (Doc. No. 1).

STANDARD OF REVIEW

Because Butler filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments,"  Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-

court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001).   "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that  the state court's conclusion is contrary to clearly established governing federal law.  Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362,

405-06 (2000)).  See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S.

at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be

aware of it, so long as neither its reasoning nor its result contradicts Supreme Court

precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10;

Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

   A state court decision involves an unreasonable application of Supreme Court

precedent if the state court identifies the correct governing legal rule from Supreme Court

cases but unreasonably applies it to the facts of the particular inmate's case; or if the state

court either unreasonably extends a legal principle from Supreme Court precedent to a new

context where it should not apply; or unreasonably refuses to extend that principle to a new

context where it should apply.  Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The

"unreasonable application" inquiry requires the state court decision to be more than

incorrect or erroneous; it must be objectively unreasonable.  Lockyer v. Andrade, 538 U.S.

at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford

v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent,

123 S.Ct. at 1853.

   Whether a state court's decision was unreasonable must be assessed in light of the

record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004)

(citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state

court's application of federal law was supported by the record); Miller-El v. Cockrell, 537

U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of

the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4  (declining to consider

evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

### No Presumption that State Court Ignored Its Procedural Rules

This Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal.  Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. See Coleman, 501 U.S. 722, 735-36 (1991);  Kight v. Singletary, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); Tower v. Phillips, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in Chapman v.

California, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, 507 U.S. at 637. Although no constitutional error has occurred in Butler's case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Butler's petition must be **DENIED**.

## GROUND ONE:

Butler claims his Fifth, Sixth and Fourteenth Amendment rights were violated because appellate counsel's allegations in the Anders brief that no issues had been preserved for appellate review denied Butler the benefit of his negotiated nolo contendere plea, which was conditioned on five issues being specifically preserved for appeal.[5]

In order to show a violation of the Sixth Amendment right to counsel, Butler must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687 (1984). See Bell v. Cone, 535 U.S. 685, 698 (2002)(courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points). First, Butler must demonstrate that the attorney's performance was deficient, meaning that "counsel made

---

[5] A review of Butler's Initial Brief on Appeal demonstrates that appellate counsel knew that Butler had reserved the right to appeal.  On page 2, the brief reads: "The Appellant pled no contest to both counts, waived a PSI, but reserved his right to Appeal." (Exh. 2).

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Butler must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. Butler must prove both prongs of Strickland. Therefore, if Butler fails to establish either deficient performance or prejudice, the court need not address the other prong. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,...that course should be followed."); Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998). The standards of effective assistance set forth in Strickland apply to appellate counsel, as well as to trial counsel. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).

Butler correctly alleges that at the time of the plea, he specifically preserved five dispositive issues for appeal: (1) suppression of Butler's statements; (2) suggestive identification procedure; (3) BOLO (Be On the Lookout) issue; (4) pro se motion to discharge on speedy trial grounds; (5) denial of suppression hearing. (Exh. 21, Vol. 1: R 147-149). However, appellate counsel's election not to raise any or all of these issues did rise to the level of ineffective assistance.

Butler cannot show the requisite prejudice because Butler brought these issues to the state district court of appeal's attention in his pro se supplemental initial brief. (See Exh.

5). Not only was the state district court of appeal apprised of the fact that these issues were preserved, Butler presented argument in support of each of the five issues. Butler's complaint that his arguments carried little weight because of the "stigma" of the public defender's <u>Anders</u> brief is unavailing. In Florida, the state district court of appeal conducts an independent review of the record in <u>Anders</u> cases pursuant to the constitutional mandate of <u>Anders</u> and the directives of the Florida Supreme Court in <u>State v. Causey</u>, 503 So. 2d 321 (Fla. 1987). In <u>Causey</u>, the Florida Supreme Court stated:

> If appellate counsel has already brought possible errors to the attention of the court, then there would be no need to file an <u>Anders</u> brief. The requirement in <u>Anders</u> of submitting a brief stating that the public defender has found no reversible error even worthy of a good faith argument is intended to promote fair appellate review, not stifle it. This requirement was specifically meant to "induce the court to pursue all the more vigorously its own review." <u>Anders</u>, 386 U.S. at 745.

<u>Causey</u>, 503 So. 2d at 322.

Further and alternatively, Butler cannot demonstrate deficient performance or prejudice on appellate counsel's part for failing to raise any of the five issues because he has presented no argument to show that any of the issues has merit and that the result of the proceeding would have changed had the issue been included in appellate counsel's initial brief. Appellate counsel has no duty to raise issues on appeal which have little or no chances of success. Thus, appellate counsel is not required to raise meritless issues. <u>See Card v. Dugger</u>, 911 F.2d 1494, 1520 (11th Cir. 1990). The mere fact that such issues were preserved for review does not obligate appellate counsel to raise them on appeal, especially when the issues have little or no merit. Accordingly, the state district court of

appeal's denial of Butler's ineffective assistance of appellate counsel claim is objectively

reasonable under the AEDPA standard of federal habeas review.

Ground one does not warrant habeas corpus relief.

GROUND TWO

Butler contends his Fifth, Sixth, and Fourteenth Amendment rights under the United

States Constitution were violated when both trial and appellate counsel were ineffective for

not timely asserting a violation of Butler's speedy trial rights, which in turn denied Butler the

due process provided under the state speedy trial rule.

Butler's claims of ineffective assistance of trial and appellate counsel for failing to

timely assert a violation of Butler's speedy trial rights also fail. Butler presented a similar

claim in ground two of his Rule 3.850 motion for post-conviction relief. The state trial court

denied the claim on procedural grounds, finding that the speedy trial issue was preserved

for appeal and should have been raised in that proceeding. While an ineffective assistance

of counsel claim generally can be asserted in a Rule 3.850 motion, the state trial court's

denial of ground two of the post-conviction motion was objectively reasonable. Butler

cannot show deficient performance or prejudice inasmuch as there was no violation of the

state speedy trial rule.

Florida's speedy trial rule provides:

a) Speedy Trial without Demand. . .--Except as otherwise provided by this
rule, and subject to the limitations imposed under subdivisions (e) and (f),
every person charged with a crime shall be brought to trial within 90 days of
arrest if the crime charged is a misdemeanor, or within 175 days of arrest if
the crime charged is a felony. If trial is not commenced within these time
periods, the defendant shall be entitled to the appropriate remedy as set forth
in subdivision (p). The time periods established by this subdivision shall
commence when the person is taken into custody as defined under

> subdivision (d). A person charged with a crime is entitled to the benefits of this rule whether the person is in custody in a jail or correctional institution of this state or a political subdivision thereof or is at liberty on bail or recognizance or other pretrial release condition. This subdivision shall cease to apply whenever a person files a valid demand for speedy trial under subdivision (b).

Fla. R. Crim. P. 3.191(a).

Subdivision (d) of the rule defines the time period for commencement of the 175-day speedy trial period:

> (d) Custody. --For purposes of this rule, a person is taken into custody
>
>> (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or
>>
>> (2) when the person is served with a notice to appear in lieu of physical arrest.

Fla. R. Crim. P. 3.191(d).

In this case, contrary to Butler's assertion,[6] he was not arrested in the Hernando County case until February 11, 1999, while Butler was being held in the Pasco County Jail. (Exh. 21, Vol. 1: R 5-6). After his arrest, Butler was transported to the Hernando County Jail, and had his first appearance hearing on February 12, 1999. At that time the court determined there was probable cause to hold Butler, and the Public Defender's Office was appointed to represent him.   (Exh. 21, Vol. 1: R 7). The State Attorney then filed the Information on March 3, 1999. (Exh 21, Vol. 1: R 8-9). Butler was arraigned on April 6,

---

[6] Throughout the state proceedings, Butler has incorrectly asserted that the commencement for the speedy trial time period was the date of his arrest on August 26, or December 16, 1997. Butler takes this information from the Arrest Affidavit/First Appearance Form completed by Detective Walker of the Hernando County Sheriff's Office. (Exh. 21, Vol. I: R 1-4). However, a review of the form reflects that it was merely an investigative report which included an interview with Butler on August 26, 1997 (apparently while Butler was in the custody of Pasco County Jail). (Exh. 21, Vol. I: R 3-4). Butler was not arrested in the Hernando County case at that time.

1999, and entered a plea of not guilty. Approximately three months after his arrest, on May 7, 1999, Butler appeared for a status conference with his attorney, Assistant Public Defender Daniel Lewan. On that date, Mr. Lewan requested a continuance until June 4, 1999, for the pre-trial conference. Significantly, the court record indicates that Butler waived speedy trial. (Exh. 21, Vol. 1: R 40).

Mr. Lewan requested several more continuances, on June 4, 1999, July 8, 1999, August 6, 1999, September 10, 1999, October 8, 1999,  November 5, 1999, December 2, 1999, January 6, 2000, February 28, 2000,  April 6, 2000,  May 4, 2000, and June 1, 2000. (Exh 21, Vol. 1: R 40, 42, 43, 44, 45, 51, 52, 59, 78, 83, 84, 113). The court records reflect that speedy trial was waived during Butler's court appearances in June, July, August, September, and October of 1999. (Exh 21, Vol. 1: R 40, 42, 43, 44, 45).

In Stewart v. State, 491 So. 2d 271, 272 (Fla. 1986), the Florida Supreme Court held that "when a defendant requests a continuance prior to the expiration of the applicable speedy trial time period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode." See also, State ex rel. Butler v.Cullen, 253 So.2d 861 (Fla. 1971)(holding when a defendant moves for and is granted a continuance, the 180-day limitation set forth in Rule 3.191(a)(1) is no longer applicable). Any defense request to postpone a case for any period of time, constitutes a motion for a continuance waiving speedy trial rule rights. Blackstock v. Newman, 461 So. 2d 1021, 1022 (Fla. 3d DCA 1985). In Blackstock, the court noted: "The speedy trial rule is a procedural device only and not a constitutional right. Once the speedy trial rule has been waived, it is supplanted by the constitutional speedy trial period which

-14-

is measured by tests of reasonableness and prejudice, not specific numbers of days." <u>Id.</u> Furthermore, trial counsel may waive speedy trial without consulting a defendant even if it is against the client's wishes. <u>See</u> <u>State v. Kruger</u>, 615 So. 2d 757, 759 (Fla. 4th DCA 1993).

Even if Butler had not explicitly waived his speedy trial rights under Fla. R. Crim. P. 3.191, his requests to continue the case operated as a waiver of speedy trial. Accordingly, there is no merit to his claim of speedy trial violation, and neither trial nor appellate counsel can be considered deficient for failing to raise this issue. The state courts' denials of Butler's ineffective assistance of trial and appellate counsel claims are neither contrary to, nor an unreasonable application of, the <u>Strickland</u> standard.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Butler's petition for writ of habeas corpus is denied, with prejudice.  The Clerk is directed to enter judgment against Butler and to close this case.

ORDERED at Tampa, Florida, on October 21, 2005.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Sanford Paul Butler

ATTACHMENT A

STATEMENT OF THE CASE AND FACTS

The Appellant was charged in an Information filed in the Circuit Court of Hernando County, Florida on April 4, 1999, with burglary, in violation of Sections 810.02(1) & 810.02(3), Florida Statutes, and grand theft, in violation of Sections 812.014(1) & 812.014(2)(c)1, Florida Statutes. (R 8-9, Vol. I) The probable cause affidavit alleged that on August 26, 1997, Albert Jordan came home to find the Appellant pulling out of his driveway in a 1985 red Ford pick-up with a white topper. When he entered his home, Mr. Jordan discovered a small color television, a radio and some fishing poles missing.  He reported the theft to the police and gave them a description of the Appellant and his vehicle. Approximately 20 minutes later, after a BOLO was dispatched with this information, the Appellant was apprehended on I-75 and S.R. 52. Mr. Jordan was escorted to this location by a Hernando County Deputy and positively identified the Appellant and his vehicle. Mr. Jordan's property was found in the bed of the Appellant's truck. (R 2-4, Vol. I)

The State filed a Notice of Habitualization on May 4, 1999. (R 28, Vol. I).  The State also filed a Motion To Stay Proceedings pending Appeal on January 12, 2000, and the motion was also granted on that date. (R 62, Vol. I) The Appeal was ultimately denied and dismissed. (R 65, Vol. I) The Appellant's first Motion to Suppress was filed on February 24, 2000, alleging that he was questioned about burglaries that occurred in both Pasco and Hernando counties, and was promised certain things during the interrogation that tainted the statements made by the Appellant; and therefore his confession was obtained in violation of the United States and Florida Constitutions. (R 74-75, Vol. I) The Appellant's

second Motion to Suppress was also filed on February 24, 2000, alleging that the Appellant's arrest was illegal, as it followed an illegal stop and detention which lacked probable cause or reasonable suspicion of criminal activity. (R 76-77, Vol. I) The court signed an Order denying these motions and adopted Judge Cobb's ruling from Pasco County, which addressed and denied the same issues. (R 116-117, Vol. I) The Appellant filed a Motion in Limine to suppress Mr. Jordan's out of court identification on June 17, 2000. (R 116-117, Vol. I)  During the plea hearing held on June 19, 2000, the court announced that he would also adopt the Pasco County court's ruling on that issue as well. (R 148, Vol. I) The court took judicial notice of Judge Cobb's ruling on the suppression issues in Pasco County on February 24, 2000, at the plea hearing. (R 158, Vol. I)

The Appellant pled no contest to both counts, waived a PSI, but reserved his right to Appeal. (R 118-120, Vol. I) The court sentenced Appellant on June 19, 2000, to serve 13 years in prison on count I and 5 years in prison on Count II, both sentences to run concurrently. The State waived their right to habitualize the Appellant pursuant to the plea agreement. (R 155-157, Vol. I) As a condition of the Appellant's sentence, the court ordered that the Appellant have no contact with the victim, his property or his family. (R 157, Vol. I) Notice of Appeal was timely filed on July 7, 2900. (R 161, Vol. I) (Cited Verbatim from the Initial Brief on Appeal, Exh, 2, pp. 1-3)